**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Index No. 26-cv-4133

Tyquan Johnson,

Plaintiff,

v.

**COMPLAINT**

Hyundai Motor America DBA Genesis
House, and Compass Group USA, Inc.,

Defendants,

**JURY DEMAND**

Plaintiff Tyquan Johnson ("Plaintiff"), by and through his undersigned counsel, as and for his Complaint in this action against Hyundai Motor America, and Compass Group USA, INC. (together "Defendants"), alleges as follows:

### I.    Introduction

1.    Plaintiff has initiated this action against Defendants for violations of the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the New York State Human Rights Law, New York State Executive Law §§ 296, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq.* ("NYCHRL"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II.    Jurisdiction and Venue

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title

1

VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

5. On March 19, 2026, the EEOC issued Plaintiff Tyquan Johnson a Notice of Right to Sue.

### III. Parties

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff Tyquan Johnson is a male who, at all relevant times to the Complaint, was employed by Defendants as a busser/porter at Genesis House.

8. Plaintiff Tyquan Johnson was employed by Defendants from July 2024.

9. Defendant Hyundai Motor America (hereinafter Defendant "Hyundai") is the U.S. sales, marketing, and distribution subsidiary of Hyundai Motor Company, headquartered at 10550 Talbert Avenue, Fountain Valley, CA 92708.

10. Defendant COMPASS GROUP USA, INC. (hereinafter "Defendant Compass") is a leading foodservice and support services company in the United States and the American

subsidiary of the UK-based Compass Group PLC. Upon information and belief, Compass Group USA, Inc. is a company that provides staffing and workforce management services for Genesis House and continues to operate in this capacity to this day.

11.     Genesis House is a Korean fine dining restaurant located at 40A 10th Avenue, New York, New York 10011, which operates as a public-facing establishment serving traditional and contemporary Korean cuisine, and at all relevant times employed Plaintiff in connection with its business operations.

12.     Both Defendants employ more than 50 employees.

13.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein to the course and scope of their employment with and for the benefit of Defendants.

14.     Defendants Hyundai and Defendant Compass are both jointly and severally liable for the violations of Title VII, NYSHRL, and NYCHRL.

### IV.     Factual Allegations

15.     Plaintiff Tyquan Johnson is a Black individual who was employed by Genesis House, a Korean fine dining restaurant located at 40A 10th Avenue, New York, New York 10011.

16.     Upon information and belief, Genesis House is operated by Hyundai Motor America and, at all relevant times, employed Plaintiff in connection with its business operations.

17.     Plaintiff began working at Genesis House as a porter/busser in July 2024.

18.     During his employment, Sous Chef Mincheol Shin, who is Korean American, repeatedly subjected Plaintiff and other Black employees to discriminatory treatment on the basis of race.

19.    Chef Shin repeatedly used the phrase "you people" when referring to Plaintiff and other Black employees, stating that "you people" would not receive additional work hours and frequently commenting that "you people" do not work well.

20.    Chef Shin repeatedly referred to Plaintiff and other Black employees as "Ggam-doong-eedeul," a Korean racial slur equivalent to "niggers," in front of Plaintiff and other employees, speaking in Korean under the assumption that they would not understand.

21.    Chef Shin compared Plaintiff and other Black employees to rodents when expressing anger about perceived uncleanliness, repeatedly blaming Plaintiff and using racially derogatory language.

22.    On December 14, 2024, during an angry outburst directed at Plaintiff and other Black employees, Chef Shin slammed a door, causing an injury to Plaintiff's foot.

23.    Plaintiff directly reported this incident to the general manager Ron Fitzerald, and to the company.

24.    After all the investigation, Defendants terminated Plaintiff's employment on March 1, 2025.

25.    Plaintiff's race was a motivating factor in Chef Shin's discriminatory actions, including the denial of work hours, derogatory remarks, racial slurs, and physical aggression.

26.    As a direct and proximate result of this race-based discrimination and hostile work environment, Plaintiff was unlawfully terminated from his employment at Genesis House.

27.    Genesis House, through its management and supervisory employees, knew or should have known of the discriminatory conduct and failed to take appropriate action to prevent or remediate it.

28. The conduct described above created a hostile and abusive work environment for Plaintiff and other Black employees, in violation of federal, state, and city law, including Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the New York State Human Rights Law (N.Y. Exec. Law § 296, et seq.), and the New York City Human Rights Law (N.Y.C. Admin. Code § 8-107, et seq.).

29. As a result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer emotional distress, mental anguish, humiliation, and economic damages, including lost wages and lost employment opportunities.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
## [1] Racial Discrimination

30. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

31. Title VII of the Civil Rights Act of 1964 prohibits discrimination in the terms and conditions of employment and the discharge of an employee based on race, color, or national origin. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(m).

32. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff because of his race, as set forth above.

33. Defendants were aware of Plaintiff's race and, upon information and belief, treated Plaintiff differently because of his race.

34. Defendants, collectively and/or individually, discriminated against Plaintiff on the basis of his race by subjecting Plaintiff to adverse employment actions, including but not limited to harassment, denial of work opportunities, and ultimately, wrongful termination.

5

35.    As a direct and proximate result of Defendants' racially discriminatory treatment, Plaintiff unlawfully lost his job and suffered severe and substantial financial and/or emotional harm.

36.    Plaintiff was unlawfully humiliated, degraded, and belittled, suffered a violation of his rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of benefits, humiliation, stress, anxiety, embarrassment, special damages, and emotional distress. Plaintiff has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, demonstrating reckless disregard for Plaintiff's rights under federal, state, and city anti-discrimination statutes.

**Count II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([2] Wrongful Termination and [3] Retaliation)**

38.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

39.    Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment, and from retaliating against an employee who engages in protected activity. 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

40.    Plaintiff engaged in protected activity under Title VII by opposing discriminatory treatment in the workplace and/or by making complaints regarding such treatment.

41.   Shortly after engaging in protected activity, Defendants, collectively and/or individually, retaliated against Plaintiff by subjecting him to adverse employment actions, including wrongful termination.

42.   Defendants also wrongfully terminated Plaintiff's employment on the basis of his protected characteristics, in violation of Title VII.

43.   As a direct and proximate result of Defendants' retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer economic loss, loss of employment opportunities, damage to reputation, emotional pain, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

44.   Defendants' conduct was intentional, willful, malicious, and carried out with reckless indifference to Plaintiff's federally protected rights.

### Count III
### Violations of New York State Human Rights Law ("NYSHRL") § 296, et seq.
### ([1] Racial Discrimination; [2] Wrongful Termination; [3] Retaliation)

45.   Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

46.   Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT II of the instant Civil Action Complaint, as such actions constitute violations of the NYSHRL under its more lenient standards for proving discrimination.

### Count IV
### Violations of the New York City Human Rights Law ("NYCHRL") § 8-107, et seq
### ([1] Racial Discrimination; [2] Wrongful Termination; [3] Retaliation)

47.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

48.    Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT III of the instant Civil Action Complaint, as such actions constitute violations of the NYCHRL, which provides an even more lenient standard for proving discrimination than both federal laws and NYSHRL.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

a.  Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating against employees, fostering a hostile work environment, or wrongfully terminating employees based on pregnancy or disability. Defendants shall also be ordered to promulgate and enforce an effective policy against such discrimination, retaliation, and wrongful terminations, ensuring strict adherence moving forward.

b.  Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date they first suffered the aforesaid unlawful actions at the hands of Defendants until the date of the verdict.

c.  Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

d.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress and pain and suffering);

e.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

f.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: May 18, 2026

 /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com
